**NORAND CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**Wayne PARKIN, a British National, Defendant.**

No. C 90–0162.

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Sept. 21, 1990.

---

Kevin J. Visser, Mark J. Herzberger, Cedar Rapids, Iowa, William Lynch Schaller, Chicago, Ill., for plaintiff.

Mark L. Zaiger, Cedar Rapids, Iowa, Stephen G. Rudisill, Ronald B. Coolley, Joseph B. Barrett, Chicago, Ill., for defendant.

Mark H. Rettig, Cedar Rapids, Iowa, for intervenor Symbol Technologies.

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

HANSEN, District Judge.

This matter is before the court on plaintiff's motion for a temporary restraining order, filed Friday, September 21, 1990. This matter came before the court for hearing at 3:35 p.m. on Friday, September 21, 1990. Kevin J. Visser, Esq., Mark J. Herzberger, Esq., and James I. Johnson, Esq. appeared on behalf of plaintiff. Defendant appeared in proper person.

The basic facts alleged by plaintiff are as follows. Defendant has been employed by plaintiff in several high level positions, most recently as Director of Sales. Defendant has announced his intention to resign his position of employment with plaintiff and to take a similar position with Symbol Technologies, Inc., one of plaintiff's primary competitors, on Monday, September 24, 1990 at 7:30 a.m. During the course of defendant's employment, defendant has had access to various of plaintiff's trade secrets and other confidential business information. Those trade secrets and other information are specifically set forth in the affidavits of Thomas Miller, Alan Bunte, and Arvin Danielson. These affidavits have been sealed by the court. Plaintiff contends that these trade secrets and other confidential information will be disclosed to Symbol Technologies if defendant begins work with that company. Plaintiff asks that this court enjoin defendant from serving as an employee or agent of Symbol Technologies or any of its affiliated entities. Defendant contests the allegations of plaintiff and informed the court of ongoing good faith negotiations between plaintiff, defendant, and Symbol to resolve this dispute.

In ruling upon plaintiff's motion for a temporary restraining order, this court applies the standard set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981).

> [W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. This standard, although set forth in the context of a preliminary injunction, is applicable to a motion for a temporary restraining order.

### Irreparable Harm

After having examined plaintiff's affidavits, the court is satisfied that plaintiff faces a threat of irreparable harm due to the potential disclosure of its trade secrets if defendant begins work with Symbol Technologies.

### Balance of the Harms

Defendant may incur a loss of income if he is not immediately able to begin employment with Symbol Technologies. However, the court finds that the loss faced by defendant is substantially outweighed by the threat of irreparable harm to plaintiff, at least for the term of a temporary restraining order. Pursuant to Fed.R.Civ.P. 65(b), temporary restraining orders are limited in term to ten (10) days, unless extended for an additional ten (10) days during the term of the order.

### Success on the Merits

This matter is brought in diversity. The court finds that subject matter jurisdiction over this matter exists, and it appears that the court has personal jurisdiction over the parties. Iowa Code § 550.3(1) allows a court to enjoin the actual or threatened misappropriation of trade secrets. "Misappropriation" is defined in part as "[d]isclosure or use of a trade secret by a person who uses improper means to acquire the trade secret," Iowa Code § 550.2(3)(b), and "[d]isclosure or use of a trade secret by a person who at the time of disclosure or use knows that the trade secret is acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." Iowa Code § 550.2(3)(d). "Improper means" is defined, in part, as "breach . . . of a duty to maintain secrecy." Iowa Code § 550.2(1).

Plaintiff asserts that defendant owes it a common law fiduciary duty to maintain the secrecy of trade secrets and confidential business information.

A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.

*Kendall/Hunt Pub. Co. v. Rowe,* 424 N.W.2d 235, 243 (Iowa 1988) (quoting *Kurth v. Van Horn,* 380 N.W.2d 693, 695 (Iowa 1986) and Restatement (Second) of Torts § 874 cmt. a (1979)). The Iowa Supreme Court in *Kendall/Hunt* found that a fiduciary relationship between an employee and his former employer existed. It appears to the court, at least preliminarily, that a fiduciary relationship is likely to exist between plaintiff and defendant.

Prior to the adoption of Iowa Code chapter 550 in April of 1990, a common law action for misappropriation of a trade secret had been defined by the Iowa courts. The court does not decide whether this common law action has been supplanted by Iowa Code Chapter 550 or whether the elements of the tort outlined by the Iowa courts are equally applicable to an action under Chapter 550. The elements of the common law action are "(1) existence of a trade secret, (2) acquisition of the secret as a result of a confidential relationship, and (3) unauthorized use of the secret." *Kendall/Hunt,* 424 N.W.2d at 245–46 (quoting *Basic Chem., Inc. v. Benson,* 251 N.W.2d 220, 226 (Iowa 1977)).

It does concern the court that there is no non-competition agreement between plaintiff and defendant and no non-disclosure agreement between them. In *Emery Indus., Inc. v. Cottier,* 202 U.S.P.Q. (BNA) 829 (S.D.Ohio 1978), the court, faced with a situation where there was no non-compete agreement but where there was a non-disclosure agreement, fashioned injunctive relief similar to the relief requested by plaintiff. The *Emery* court reasoned that an injunction prohibiting non-disclosure of proprietary information would be insufficient as the defendant in that case could not help but use his knowledge in his employment with the competitor company. Consequently, the court essentially created a non-compete agreement. The *Emery* court also required the plaintiff in that case to compensate the defendant for his loss of income.

In *Air Products and Chem., Inc. v. Johnson,* 442 A.2d 1114 (Pa.Super.Ct.1982), the court was faced with a case factually

similar to *Emery*. The employee involved in *Air Products* did not have a non-compete agreement with his former employer, although he had signed a non-disclosure agreement. The *Air Products* court applied Pennsylvania law, which permits injunctive relief in aid of a non-compete agreement or under circumstances where the Pennsylvania law of unfair competition requires protection from disclosure. *Air Products*, 442 A.2d at 1119–20. The court concluded that a confidential relationship between employee and employer existed and affirmed the trial court's issuance of an injunction.

Having examined plaintiff's memorandum and affidavits, and having considered the above cases and the provisions of Iowa Code Chapter 550, the court makes the initial determination, based on the evidence presently before it, that plaintiff has shown a sufficient probability of success on the merits.

### *Public Interest*

The public policy of many states, including Iowa, is to prevent the unauthorized disclosure of trade secrets. Iowa Code Chapter 550 is an adoption of the Uniform Trade Secrets Act, which has been adopted by 33 states and the District of Columbia. *See* 14 U.L.A. 433 (1990) (table of jurisdictions adopting Uniform Trade Secrets Act). Public policy is furthered by issuing the requested TRO pending a more detailed hearing in this matter.

### ORDER

Accordingly, It Is Ordered:

1. Plaintiff's motion for a temporary restraining order, filed September 21, 1990, is granted.

2. Defendant is hereby temporarily enjoined and restrained from serving as an employee or agent for Symbol Technologies, Inc. or any of its affiliated entities and from otherwise disclosing any trade secrets or other confidential information obtained during his employment with plaintiff, except to counsel as necessary for the conduct of this matter.

3. This temporary restraining order shall remain in effect until 12:00 midnight on the first day of October, 1990, when it shall stand dissolved without further order of the court, unless dissolved earlier by the court upon receipt of notice from the parties that this matter has been resolved.

4. Pursuant to Rule 65(c), Federal Rules of Civil Procedure, plaintiff shall post security in the amount of $50,000.

5. Plaintiff's motion for preliminary injunction, filed September 21, 1990, shall come on for hearing before the court at 3:00 p.m. on the first day of October, 1990, in the Third Floor Courtroom, United States Courthouse, Cedar Rapids, Iowa. Each party shall have one hour to present its evidence and argument.

6. Upon the posting of the bond herein required, the Clerk shall issue a writ for the temporary restraining order and deliver the same and a copy of this order to the United States Marshal for service upon the defendant. Plaintiff's counsel shall immediately provide the Marshal with a completed Marshal's Form 285 (Directions for Service) and either pay the costs of service in advance or make satisfactory arrangements with the Marshal for such payment.

Done and Ordered.